IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RCP PUBLICATIONS INC., individually and on behalf of all others similarly situated,  )<br>)<br>)<br>)<br>  Plaintiff,  )<br>  v.  )<br>)<br>)<br>CITY OF CHICAGO,  )<br>)<br>)<br>  Defendant.  ) | No. 15 C 11398<br>Judge<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,
DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND MONETARY
DAMAGES**

Plaintiff RCP PUBLICATIONS INC., individually and on behalf of all others similarly situated, by their undersigned attorneys, complains against the Defendant, CITY OF CHICAGO, a municipal corporation, as follows:

**Nature of the Case**

1. This lawsuit is a First Amendment challenge to §10-8-320 of the Chicago Municipal Code. This Ordinance, titled "Posting Bills," is a content-based restriction on speech that violates the First Amendment to the United States Constitution on its face. The Ordinance violates Plaintiff's rights under the First Amendment, as well as the rights of the putative class it seeks to represent. Plaintiff seeks appropriate declaratory and injunctive relief, as well as reasonable monetary damages.

## Jurisdiction and Venue

2. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1331 because this case alleges violations of Plaintiff's rights under federal law.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as all the events giving rise to the claims asserted herein occurred in Cook County.

## The Parties

4. Plaintiff RCP Publications Inc. is an Illinois not-for-profit corporation based in Chicago that publishes *Revolution Newspaper* and various books on political, economic and social issues. RCP Publications also maintains a website on which it offers movies, pamphlets, articles and books. Plaintiff regularly distributes posters to its supporters inviting people to visit its website.

5. Defendant City of Chicago is a municipal corporation, a body politic, existing under and by virtue of the laws of the State of Illinois.

## Factual Allegations

6. In March 2015, Plaintiff hosted the online premiere of a movie called "Revolution and Religion: The Fight for Emancipation and the Role of Religion" on its website, www.revcom.us. The film featured a discussion between two prominent intellectuals, Cornel West and Bob Avakian. Plaintiff made the movie available to stream for free on its website.

7. Another organization, the BA Everywhere Committee, hosted an in-person premiere for the movie. The BA Everywhere Committee produced a poster

2

advertising both the online and in-person premieres of the film. Copies of the poster were distributed to supporters of the BA Everywhere Committee to share as they wished.

8. Unbeknownst to Plaintiff, someone taped a copy of the poster to a streetlight pole located at 5701 S. Kimbark Avenue in Chicago.

9. On July 14, 2015, Plaintiff received an Administrative Notice of Ordinance Violation for violation of §10-8-320 of the Chicago Municipal Code.

10. In relevant part, that statute provides: "No person shall distribute or cause others to distribute ... commercial advertising material by means of posting, sticking, stamping, tacking, painting or otherwise fixing any sign ... calculated to attract the attention of the public, to or upon any ... lamppost." §10-8-320(a).

11. Plaintiff appeared at an administrative hearing to contest the ticket. On November 16, 2015, Plaintiff was found liable for violation of the Ordinance by an administrative law judge. The judge imposed a penalty of $350.00 plus $40 of court costs.

12. Section 10-8-320 constitutes an express municipal policy of the City of Chicago.

13. The Ordinance violates the First Amendment rights of Plaintiffs and the members of the proposed class. Specifically, the Ordinance is an unconstitutional content-based restriction because it regulates speech based on the topic discussed—*i.e.*, it restricts signs communicating a message deemed

3

"commercial" but does not restrict signs communicating any other type of message (including political, artistic, social, directional, or charitable).

14. There is no compelling government interest served by restricting signs communicating "commercial" messages while allowing signs communicating all other messages.

## Class Allegations

15. Plaintiff brings this action on behalf of itself and all others similarly situated, as members of the proposed Plaintiff Class.

16. The Class that Plaintiff seeks to represent is defined as all persons who, during the Class Period, have been ticketed and/or fined pursuant to §10-8-320 of the Chicago Municipal Code.

17. Plaintiffs meet the requisites for filing a class action. Proceeding as a class action is the most efficient means of adjudicating these claims because (1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the class; (3) the claim of the representative Plaintiff is typical of the claims of the class; and (4) the representative Plaintiff will fairly and adequately protect the interests of the class.

<u>Numerosity</u>

18. The members of the Class are so numerous that their joinder is impracticable. On information and belief, dozens of Class members have been ticketed and fined pursuant to the Ordinance. The precise number of Class members is presently unknown to Plaintiffs, but can be obtained from Defendant City's records.

Commonality

19. Because this lawsuit is a facial challenge to the Ordinance, the central question of law—whether §10-8-320's prohibition on posting signs with a "commercial" message but placing no restriction on any other type of message is a content-based restriction that violates the First Amendment on its face—is common to the Class. This question predominates over any questions affecting only individual Class members.

Typicality

20. Plaintiff's claim is typical of the claims of the Class because both Plaintiff and the Class members have been ticketed and/or fined for violation of §10-8-320.

Adequacy

21. Plaintiff is an adequate representative of the Class because its interests overlap with and are not in conflict with the interests of the Class. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and its counsel.

22. This matter is brought as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the class as a whole.

23. Additionally, this matter is also brought as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, because a class action is superior to other available means for a fair and efficient adjudication of this controversy. The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the action to address defendant's unconstitutional conduct.

## Appropriateness of Injunctive Relief

24. As a direct and proximate result of Defendant City of Chicago's unconstitutional Ordinance, the rights of Plaintiff and the members of the class it seeks to represent have been interfered with, and they are in fear of being ticketed and deterred from exercising their Constitutionally protected free speech rights.

25. As a direct and proximate consequence of Defendant City of Chicago's unconstitutional Ordinance, Plaintiff and the members of the class it seeks to represent have suffered monetary damages in fines and court costs.

26. Plaintiff and the members of the class it seeks to represent have suffered irreparable injury by Defendant City of Chicago's actions and will continue to suffer irreparable injury in the absence of injunctive relief.

27. Plaintiff and the members of the class it seeks to represent lack any adequate remedy at law.

28. The balance of harms weighs in favor of Plaintiff and the members of the class, and against Defendant City of Chicago, as the issuance of the injunctive relief will not adversely affect the public interest.

# COUNT I
## 42 U.S.C. § 1983: FIRST AMENDMENT OF THE U.S. CONSTITUTION
(<u>Monell</u> Express Policy Claim For Declaratory, Injunctive, and Monetary Relief Against Defendant City of Chicago)

29. Plaintiff and the members of the class it seeks to represent reallege and incorporate by reference paragraphs 1–28 as if fully set forth therein:

30. The City's prohibition on "commercial" signs as set forth in §10-8-320 of the Chicago Municipal Code constitutes an unconstitutional express municipal policy of the City.

**WHEREFORE**, Plaintiffs request that this Court:

A. Enter a declaration that §10-8-320 violates the First Amendment to the U.S. Constitution;

B. Enter a preliminary and then a permanent injunction barring Defendant City of Chicago and its agents, servants, employees and attorneys from enforcing §10-8-320;

C. Enter judgment in favor of Plaintiff and the members of the class and against Defendant City of Chicago for monetary damages to be determined at trial;

D. Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

E. Grant Plaintiff any and all other relief as law and justice demand.

Respectfully submitted,

/s/ Mark G. Weinberg

/s/ Adele D. Nicholas
*Counsel for Plaintiff*

Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913

Adele D. Nicholas
4510 N. Paulina Street, 3E
Chicago, Illinois 60640
(847) 361-3869